SMITH *versus* HEARNE.

1. Where a judgment appears to have been rendered against a plaintiff for costs, in a case exceeding twenty dollars, merely on the examination of the sworn petition of the defendant, such judgment is erroneous.

2. It is a good ground for quashing a writ of *certiorari*, that but one bond is given, and but one writ issued, to carry up two cases.

3. But this defect can only be taken advantage of, at the first term to which the writ of *certiorari* is returnable. .

This suit was commenced by Smith, before a justice of the peace, to recover the amount of a promissory note. The defendant removed the cause into the county court, by *certiorari*, and from the record, it is shewn that judgment was rendered in her favor for costs, on motion. To reverse this, Smith prosecuted his writ of error to this court.

*Lyon,* for Plaintiff.

TAYLOR, J.—This suit was commenced before a justice of the peace, on a promissory note. Judgment was rendered by him in favor of Smith, the plaintiff. The case was removed by *certiorari*, into the county court; in which, at the first term, it appears by the record, that the parties appeared by their attorneys, and the defendant moved for judgment against the plaintiff for costs; whereupon, a judgment in conformity to the motion, was rendered.

It appears, that in the petition for the writ of *certiorari*, the defendant alleged that she had not executed the note, which was the foundation of the action. It is impossible to ascertain what was the ground for the judgment; but it is probable the court considered the petition itself, which was sworn to, a sufficient

denial of the execution of the instrument under the statute, to throw the burden of proof upon the plaintiff. But, if this were the case, the court was certainly wrong. Where the sum sued for is more than twenty dollars, the defendant must file a plea, denying the execution of the instrument, which must be verified by affidavit. Where it is for a less sum, the party must, on the trial, swear to the same effect.

In this case, however, it may be replied, that no declaration has been filed, and that no plea could be put in until that was done. True: but the issue is to be made up under the direction of the court. The court then should have directed an issue; and if the plaintiff had refused to file his declaration, according to such direction, a judgment of *non pros.* should have been rendered against him. But it does not appear by this record, that an opportunity was afforded him of declaring.

There were two cases tried before the justice at the same time between the parties; and but one bond was given, and one writ of *certiorari* issued to remove both, into the county court. If the motion had been made at the first term, this would have been a sufficient ground for quashing the writ of *certiorari* and bond, but no advantage could now be taken on that account: it is too late to make such a motion after the first term. One petition was sufficient; but a bond should have been given, and a writ issued for each case.

Let the judgment be reversed, and the cause remanded.